IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND J. BROKENBROUGH, JR., )
                                  )
        Plaintiff,         )
                                   )
    v.                         )     Civil Action No. 13-692-CJB
                                   )
CAPITOL CLEANERS &           )
LAUNDERERS INC.,        )
                                   )
        Defendant.     )

## MEMORANDUM ORDER

In this action filed pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff Raymond Brokenbrough, Jr. ("Plaintiff" or "Brokenbrough") brings suit against Defendant Capitol Cleaners & Launderers Inc. ("Defendant" or "Capitol Cleaners"). Presently pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) ("Motion to Dismiss"), (D.I. 10), as well as Defendant's motion to quash service of process pursuant to Rules 12(b)(4) and 12(b)(5) ("Motion to Quash"), (D.I. 15). For the reasons that follow, the Court ORDERS that the Motion to Dismiss be DENIED, that the Motion to Quash be GRANTED, and that Plaintiff be allowed an additional 30 days in which to properly serve Defendant.

## I.    BACKGROUND

On April 17, 2013, Plaintiff, acting *pro se*, filed a Complaint in this action. (D.I. 2) The Complaint alleged that Defendant engaged in discriminatory acts by failing to promote Plaintiff and by terminating Plaintiff's employment, all due to Plaintiff's race. (*Id.*) On August 19, 2013, Defendant was served with a summons (the "first summons"), but this service packet did not include a copy of the Complaint. (D.I. 9; D.I. 10 & ex. A)

On September 9, 2013, Defendant filed the Motion to Dismiss, seeking dismissal pursuant to Rules 12(b)(4) and 12(b)(5) due to insufficient process and insufficient service of process. (D.I. 10)  Plaintiff filed a responsive brief on September 18, 2013, which, in its entirety, stated: "Due to my mother[']s death, I, am requesting the Clerk to amend caption to properly name defendant and reissue summons[.]" (D.I. 11)  The Motion to Dismiss was fully briefed on September 18, 2013. (D.I. 12)

Plaintiff thereafter attempted a second round of service of process, and served a summons (the "second summons") on Defendant on September 19, 2013.  (D.I. 13)  On September 27, 2013, Defendant filed the Motion to Quash, seeking to quash the second attempted service.  (D.I. 15)  Plaintiff did not file a responsive brief as to the Motion to Quash.

This case was originally assigned to Judge Leonard P. Stark.  The parties thereafter consented to having a United States Magistrate Judge conduct all proceedings in the case, including trial, (D.I. 14), and this Court was designated as the Magistrate Judge assigned to the case for that purpose.

## II.    DISCUSSION

### A.    Motion to Dismiss

Rule 4 of the Federal Rules of Civil Procedure sets out the federal courts' requirements for summons and service of process.  Fed. R. Civ. P. 4; *see also Cockerham v. Rose*, Civil Action No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011).  If a plaintiff fails to comply with Rule 4, a defendant may seek to dismiss the plaintiff's claims under Rules 12(b)(4) and 12(b)(5). *Cockerham*, 2011 WL 1515159, at *1; *Carter v. Keystone*, Civil Action No. 05-311-MPT, 2007 WL 956430, at *1 (D. Del. Mar. 29, 2007).  It is well settled that district courts,

upon determining that process or service of process was deficient, have broad discretion in deciding whether to dismiss the complaint for insufficient service. *See, e.g.*, *Alston v. Pepper*, — F. Supp. 2d —, Civ. No. 13-483-SLR, 2013 WL 5956226, at *2 (D. Del. Nov. 4, 2013); *Johnson v. Med. Dep't*, No. Civ.A. 02-369-KAJ, 2004 WL 758339, at *1 (D. Del. Mar. 31, 2004).

Defendant points to two alleged deficiencies in support of its Motion to Dismiss. Defendant first argues that service was facially deficient under Federal Rule of Civil Procedure 4(c)(1) because although the first summons was served along with a packet of documents, that service packet did not include a copy of the Complaint.[1]  (D.I. 10 at ¶ 2)  Defendant further claims that this service was untimely under Federal Rule of Civil Procedure 4(m) because Defendant was not served until 124 days after the instant action commenced.  (*Id.* at ¶ 3)[2]

Rule 4(c)(1) requires that a summons "be served with a copy of the [C]omplaint," and also makes the plaintiff responsible for having the summons and Complaint served within the time allowed by Rule 4(m).  Fed. R. Civ. P. 4(c)(1); *Carter*, 2007 WL 956430, at *2.  Rule 4(m), in turn, provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R.

---

[1]     The packet included the summons, a blank form from this Court regarding consent to the jurisdiction of a United States Magistrate Judge, a Notice of Right to Sue issued in 2013 to Plaintiff by the Equal Employment Opportunity Commission, a Referee's Decision issued in Plaintiff's favor by the Delaware Department of Labor's Division of Unemployment Insurance, and medical paperwork relating to Plaintiff's termination. (*See* D.I. 10 at ¶¶ 1-2 & ex. A)

[2]     As a technical matter, these two alleged deficiencies both appear to implicate Rule 12(b)(5), which deals with the mode of delivery or lack of delivery of the summons and complaint, and not Rule 12(b)(4). *Cockerham*, 2011 WL 1515159, at *1 n.1 (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. Supp. 2010)).

3

Civ. P. 4(m).

If a plaintiff has not timely and properly served a defendant, a court must decide whether to extend a plaintiff's deadline to do so pursuant to Rule 4(m). In making this decision, a court engages in a two-part inquiry. *Perkins v. Del. DHSS/DSSC*, Civ. Action No. 12-50-SLR-CJB, 2012 WL 4482801, at *6 (D. Del. Sept. 27, 2012). First, it must determine whether there is good cause for the failure of proper service; if so, the court must extend the time for service and the inquiry is complete. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Perkins*, 2012 WL 4482801, at *6. Second, if no good cause is found, the court may, at its discretion, either grant an extension for service or dismiss the case without prejudice. *Perkins*, 2012 WL 4482801, at *6; *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 604 (D. Del. 2007).

Here, there is no question that Plaintiff failed to comply with certain of Rule 4's requirements for proper service. He did not comply with Rule 4(c)(1) when he failed to include a copy of the Complaint along with the packet accompanying the first summons. He further failed to comply with the requirements of Rule 4(m) as to that attempted service, in that he served the first summons on Defendant 124 days after the Complaint was filed—four days outside of the 120-day window provided for by the Rule.

Having concluded that Plaintiff did not effectuate proper, timely service on Defendant, the Court next examines whether Plaintiff has demonstrated good cause for the failure of proper service. Courts generally consider three factors in analyzing whether good cause exists: "'(1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service.'" *Perkins*, 2012 WL 4482801, at *6 (quoting *Thompson*, 501 F.

4

Supp. 2d at 604). The plaintiff's reasons for failure to obtain good service within the time frame set forth by Rule 4(m) should be the court's chief focus in this analysis. *Perkins*, 2012 WL 4482801, at *6; *Thompson*, 501 F. Supp. 2d at 604.

Application of these factors here do not support a finding of good cause. Plaintiff has not indicated that he made any attempts to effect proper service within the time frame provided by Rule 4(m). Additionally, Plaintiff has not clearly articulated the reasons for his failure to appropriately serve Defendant within that time frame. His responsive brief regarding the Motion to Dismiss does reference his "mother[']s death[,]" but it does so obliquely, without an explanation as to how this event impacted his efforts to serve Defendant. (D.I. 11) And Plaintiff did not move for an extension of time in which to effect service. Although there is little in the record as to prejudice faced by Defendant, because the other factors weigh against Plaintiff (and because Plaintiff has not well explained the reasons for his failure of proper service), the Court cannot find that Plaintiff has demonstrated good cause.

Nevertheless, the Court must still consider whether, in the exercise of its discretion, Plaintiff should be granted an extension beyond 120-day period provided by Rule 4(m). The Third Circuit has not provided an exhaustive list of factors that courts should look to in deciding whether to exercise this discretion, but has pointed to considerations such as: (1) whether the applicable statute of limitations has run; (2) whether the defendant has evaded service; (3) whether service was required to be made on multiple defendants; and (4) whether the plaintiff is appearing *pro se. Phillips v. Household Fin. Corp.*, Civil Action No. 06-100-JJF, 2007 WL 1830897, at *3 (D. Del. June 25, 2007) (citing *Petrucelli*, 46 F. 3d at 1305-06). Our Court has also taken other factors into account, such as: (1) the frivolousness of the plaintiff's complaint;

5

(2) the plaintiff's motivation in pursuing its claims; (3) objective unreasonableness (as to both the factual and legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *In re Submicron Sys. Corp.*, No. BANKR 99-2959, 2004 WL 883391, at *3 (D. Del. Apr. 5, 2004); *Ritter v. Cooper*, No. Civ.A. 02-1435 GMS, 2003 WL 23112306, at *3 (D. Del. Dec. 30, 2003).

Not all of these factors neatly fit this case nor favor Plaintiff,[3] but enough weigh in Plaintiff's favor to support the allowance of additional time for proper service. First, Plaintiff is appearing *pro se*, and he did attempt to serve Defendant just outside of Rule 4(m)'s 120-day window (and then attempted service again after the Motion to Dismiss was filed). *Cf. Carter v. Marmon/Keystone Corp.*, No. Civ.A. 05–311–KAJ, 2006 WL 903216, at *1 (D. Del. Apr. 7, 2006) (utilizing court's discretion to extend time for service of process by 30 days, in case of *pro se* plaintiff who had failed to include the complaint along with the notice of lawsuit mailed to defendant, where defendant received the notice and corresponding waiver of service paperwork "only slightly outside [Rule 4(m)'s] 120-day window"). Second, the Court has seen no indication at this stage that Plaintiff's Complaint is frivolous or objectively unreasonable. Indeed, what little is in the record in this regard indicates that (albeit in a very different forum with very different legal considerations at play) Plaintiff has had some success in pursuing relief related to his termination with the Delaware Department of Labor. (D.I. 10 at ¶ 2 & ex. A) Third, and relatedly, there is no indication that Plaintiff has been motivated by bad faith in

---

[3]       For example, there is no information in the record as to what impact the applicable statute of limitations would have with regard to a decision to dismiss this case. There is also no indication that Defendant evaded service, and this is not a case where Plaintiff was required to serve multiple defendants.

6

pursuing this claim, one that he has apparently pursued with some measure of effort in other fora, including at the administrative level. (*Id.*) And fourth, under these particular circumstances, the Court does not perceive that the need to advance considerations of compensation or deterrence suggests an alternate course.

The Court therefore will deny Defendant's Motion to Dismiss and order that Plaintiff be afforded an additional 30 days to properly serve Defendant in compliance with the Federal Rules of Civil Procedure.

### B.     Motion to Quash

Defendant's Motion to Quash argues that Plaintiff's second attempted service of process (outside Rule 4(m)'s 120-day service period) should be quashed, on the ground that a pending "motion to dismiss for improper service under [Rules 12(b)(4) & (5)] cannot be addressed merely by trying service a second time outside of the service period provided by the Federal Rules." (D.I. 15 at ¶ 3) In light of the fact that this second attempted service was also untimely under Rule 4(m), and taking into account the Court's decision on the Motion to Dismiss, the Court will grant the Motion to Quash and simply afford Plaintiff an additional opportunity to correctly serve Defendant under Rule 4. *See, e.g.*, *Cockerham*, 2011 WL 1515159, at *2 & n.2.

### III.    CONCLUSION

For the foregoing reasons, the Court ORDERS that the Motion to Dismiss be DENIED and Motion to Quash be GRANTED. The Court ORDERS that Plaintiff be afforded an additional 30 days—until **February 5, 2014**—to properly effectuate service on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

7

Dated:  January 6, 2014

_Christopher J. Burke_

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

8