IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND J. BROKENBROUGH, JR., )
                                )
            Plaintiff,           )
                                )
    v.                           )       Civil Action No. 13-692-CJB
                                )
CAPITOL CLEANERS &               )
LAUNDERERS INC.,                 )
                                )
            Defendant.           )

## MEMORANDUM ORDER

In this action filed pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff

Raymond J. Brokenbrough, Jr. ("Plaintiff" or "Brokenbrough") brings suit against Defendant

Capitol Cleaners & Launderers Inc. ("Defendant" or "Capitol Cleaners").  Presently pending

before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rules of

Civil Procedure 4(m) and 12(b)(5) ("Motion to Dismiss"), (D.I. 19), and Plaintiff's motion for

extension of time to serve Defendant ("Motion for Extension"), (D.I. 17).  For the reasons set

forth below, the Court ORDERS that the Motion to Dismiss be DENIED, that the Motion for

Extension be GRANTED, and that Plaintiff be allowed an additional 30 days in which to

properly serve Defendant.

## I.    BACKGROUND

On April 17, 2013, Plaintiff, acting *pro se*, filed a Complaint in this action against

Defendant, his former employer.[1]  (D.I. 2)  On August 19, 2013, Defendant was served with a

---

[1]    Plaintiff had filed charges of discrimination against Defendant with the Equal
Employment Opportunity Commission ("EEOC").  (D.I. 2 at ¶ 9)  Upon exhaustion of the EEOC
administrative process, Plaintiff received a Notice of Right to Sue from the EEOC dated January
29, 2013.  (*Id.* at ¶ 9 & ex. 1)

summons, but this service packet did not include a copy of the Complaint. (D.I. 9; D.I. 10 & ex.

A)  Thereafter, on September 9, 2013, Defendant first moved to dismiss this action pursuant to

Rules 12(b)(4) and 12(b)(5) (the "first motion to dismiss"), on the bases that Plaintiff's service

packet did not include a copy of the Complaint as required by Federal Rule of Civil Procedure

4(c)(1), and that the attempted service occurred more than 120 days after the filing of the action,

in contravention of Rule 4(m). (D.I. 10)  In response to Defendant's first motion to dismiss,

Plaintiff obtained a new summons and attempted to serve that new summons on Defendant on

September 19, 2013. (D.I. 11; D.I. 13)  On September 27, 2013, Defendant moved to quash that

service attempt on the basis that the first motion to dismiss could not be addressed merely be re-

attempting service outside of the service period prescribed by Rule 4(m) without leave of court.

(D.I. 15)

On January 6, 2014, the Court issued a Memorandum Order in which it denied

Defendant's first motion to dismiss and granted Defendant's motion to quash. *Brokenbrough v.*

*Capital Cleaners & Launderers Inc.*, Civil Action No. 13-692-CJB, 2014 WL 229366, at *4 (D.

Del. Jan. 6, 2014).  In doing so, the Court found that no good cause existed pursuant to Rule 4(m)

for Plaintiff's failure of proper service, but exercised its discretion and granted Plaintiff an

additional thirty days, until February 5, 2014, to properly effectuate service on Defendant in

accordance with Rule 4 of the Federal Rules of Civil Procedure. *Id.* at *3-4.

Following the Court's issuance of the Memorandum Order, it appears that no activity

occurred in the case until February 5, 2014, when the Clerk of this Court issued a new summons

and an unknown individual appeared at the office of Defendant's counsel, attempting to effect

service. (D.I. 19 at ¶¶ 7-8)  Defendant's attorney caused his office to advise the individual that:

2

(1) Defendant's law firm was not Defendant's registered service agent; (2) Plaintiff had not requested that Defendant waive service of the summons pursuant to Federal Rule of Civil Procedure 4(d); and (3) therefore, the law firm was not the proper party to accept service on behalf of Defendant. (*Id.* at ¶ 8)

On the next day, February 6, 2014, Plaintiff filed a Notice of Change of Address to inform the Court of his new address. (D.I. 18) Plaintiff also filed the Motion for Extension, which, in its entirety states: "Motion to extend of time to serve [D]efend[a]nt 30 days[.]" (D.I. 17)

On February 7, 2014, Defendant filed the Motion to Dismiss. (D.I. 19) The time has now passed for Plaintiff to file a responsive brief regarding the Motion to Dismiss, and he did not do so. The respective motions are now ripe for decision.

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(m) governs the fate of an action in which the defendant has not been served or has been improperly served:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). While courts should grant *pro se* plaintiffs leniency in considering their filings, *pro se* plaintiffs are nevertheless expected to "follow the rules of procedure and the substantive law[.]" *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007). Accordingly, this Court has held that the *pro se* status of a plaintiff "does not excuse his failure

3

to . . . effectuate service in accordance with the Federal Rules." *Id.* at 604.

In deciding whether to extend a plaintiff's deadline to serve the defendant pursuant to Fed. R. Civ. P. 4(m), courts must engage in a two-part inquiry. First, a court must determine whether there is good cause for the failure of proper service; if so, the court must extend the time for service and the inquiry is complete. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Second, if no good cause is found, the court may, at its discretion, either grant an extension for service or dismiss the case without prejudice. *Id.*

In evaluating whether good cause exists for the failure of proper service, courts generally consider three factors: "(1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service." *Thompson*, 501 F. Supp. 2d at 604. Courts evaluating good cause primarily focus on the plaintiff's reasons for failure to obtain good service within the time limits of Rule 4. *Id.*[2]

Application of these factors here do not support a finding of good cause, primarily in light of the first factor. As to this factor, "[t]his Court's prior decisions indicate that when a plaintiff . . . makes diligent, repeated efforts to effect service, such efforts weigh in favor of finding good cause to be established." *Perkins v. Del. DHSS/DSSC*, Civ. Action No. 12-50-SLR-CJB, 2012 WL 4482801, at *6 (D. Del. Sept. 27, 2012) (citing cases). It is clear that such efforts have not been made here. Instead, Plaintiff, having been granted a thirty-day extension to properly serve

---

[2]     Our Court has held that the fact that a defendant has not been prejudiced may, on its own, be viewed as insufficient to establish the "good cause" required to justify an extension of time to effectuate service. *Gonzalez v. E.I. DuPont Nemours & Co.*, Civil Action No. 06-643-JJF, 2007 WL 1034943, at *1 (D. Del. Apr. 4, 2007).

4

Defendant, made only a single service attempt on the final day of the extension period. (D.I. 19 at ¶¶ 7-8) It is difficult to view this single, last-minute attempt as constituting diligent efforts on Plaintiff's part, especially where the individual attempting to serve process appeared at Defendant's attorney's office instead of following the dictates of Rule 4(h) with respect to serving a corporation. (*Id.* at ¶ 8) And glaringly absent from the record is any explanation from Plaintiff for his failure to properly serve Defendant within the thirty-day extension period provided by the Court.

The second and third factors support a finding of good cause, at least to some degree. Plaintiff did move for an extension of time in which to effect service—though he did so a day after the thirty-day extension period had expired. (D.I. 17) And Defendant has not attempted to explain how it has been prejudiced by Plaintiff's failure of service (though at some point, Defendant could well be prejudiced by the uncertainty as to whether Plaintiff really does or does not intend to prosecute a lawsuit against it, and by the potential of harm to its case caused by delay). On balance, however, Plaintiff's single, last-minute service attempt (and utter failure to explain the reasons behind his inability to properly serve Defendant) compels the Court to conclude that Plaintiff has not established good cause.

The Court will next consider whether, in the exercise of its discretion, Plaintiff should be granted an additional extension beyond the 120-day period provided by Rule 4(m). The analysis undertaken by the Court in its previous Memorandum Opinion as to this issue is also largely applicable here, and likewise supports the allowance of at least one additional extension for Plaintiff to properly serve Defendant. *See Brokenbrough*, 2014 WL 229366, at *3 (citing factors regularly considered by courts in this analysis and considering their applicability to this case, and

concluding that "enough weigh in Plaintiff's favor to support the allowance of additional time for proper service"). And the Court notes that it is not as if the Plaintiff has completely neglected to take any action regarding his lawsuit—some effort has been made, albeit minimal effort not rising to the level required to support a finding of good cause.

In addition to those factors considered in the Court's previous Memorandum Opinion, the Third Circuit has also instructed that a court may consider actual notice of the lawsuit and prejudice to the defendant in deciding whether to exercise its discretion to grant an extension or dismiss the complaint. *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009); *see also Ritter v. Cooper*, No. Civ.A. 02-1435 GMS, 2003 WL 23112306, at *4 (D. Del. Dec. 30, 2003). These two considerations are related, as "'actual notice to a defendant that an action was filed militates against a finding of prejudice.'" *Ritter*, 2003 WL 23112306, at *4 (quoting *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997)). It is undisputed that Defendant has had actual notice of this lawsuit for many months now, and thus could have at least begun to take some action to prepare to defend against Plaintiff's claims, in an attempt to mitigate any prejudice caused by Plaintiff's service delays.

The Court therefore will deny Defendant's Motion to Dismiss, and grant Plaintiff's request for an additional thirty days to properly serve Defendant in compliance with the Federal Rules of Civil Procedure. Plaintiff is on notice, however, that any further failure to timely serve Defendant could result in dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant's Motion to Dismiss be

6

DENIED and Plaintiff's Motion for Extension be GRANTED.  The Court ORDERS that

Plaintiff be afforded an additional 30 days—until **April 11, 2014**—to properly effectuate service

on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Dated: March 12, 2014

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

7